UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TAYLOR,<br><br>  Plaintiff,<br><br> v.<br><br>INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, et al.,<br><br>  Defendants. | Case No. 23-cv-03491-WHO<br><br>**ORDER DENYING EX PARTE APPLICATION TO FILE CLAIM WITH PREJUDICE**<br><br>Re: Dkt. No. 12 |

I denied William Taylor's Ex Parte Application for Leave of The Court to File Claim on Good Cause Shown (29 U.S.C. § 501), which was directly related to his prior case (*Taylor v. IUPAT, et al*, No. 21-cv-8712-WHO, U.S. Dist. Ct, N.D. Cal.) ("First Lawsuit") against many of the same defendants in whose favor I granted summary judgment, s*ee* First Lawsuit, Dkt. No. 113 ("Summary Judgment Order"); Application [Dkt. No. 1], because he lacked good cause to commence litigation over what appeared to be a dormant internal proceeding. *See* Prior Order [Dkt. No. 12]; *see also* 29 U.S.C. § 501(b). I told him that he could amend if the internal proceeding actually resulted in some adjudication that Taylor believed would bolster his showing of good cause, or if there were other facts that would support his claim. *Id.* He filed an Amended Ex Parte Application for Leave of The Court to File Claim on Good Cause Shown (29 U.S.C. § 501) ("Amended Application"). [Dkt. No. 12]. But the internal proceeding on which he bases his claim was withdrawn and he has not shown plausible new facts to support his Labor-Management Reporting and Disclosure Act ("LMRDA") claim. The Amended Application is DISMISSED WITH PREJUDICE.

29 U.S.C. § 501 sets out the fiduciary responsibilities of labor organization officers and provides a cause of action against officers who breach these obligations. *See Cowger v. Rohrbach*,

868 F.2d 1064, 1065–66 (9th Cir. 1989).  "Under section 501(a), officers of a labor organization occupy positions of trust in relation to the organization and its members, and have a duty to hold its money and property solely for the benefit of the organization." *Id.*  "Section 501(b) gives individual members of a labor organization the right to sue any officer who violates these fiduciary duties." *Id.*  But this right arises only after certain prerequisites have been met.  "First, the labor organization or its governing board must have refused or failed 'to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so' by a member." *Id.* (citing 29 U.S.C. § 501(b)).  "Second, a complaint may be filed only upon leave of the court obtained after the plaintiff has (a) filed a verified application, and (b) shown there is good cause for filing the complaint.  The application may be made ex parte." *Id.*  Good cause may be established by the contents of the verified application, the complaint, or any other documents filed by the parties with the court.  *Cowger*, 868 F.2d 1064, 1068.

Taylor wants to base a second lawsuit against defendants in large part on internal union disciplinary charges against him arising from his prosecution of the First Lawsuit.  In those charges, Clayton McBride claimed that Taylor violated the International Union of Painters and Allied Trades ("IUPAT") Constitution in seven ways related to Taylor's pursuit of the First Lawsuit.  But the defendants have shown, in response to Taylor's application, that defendant McBride formally requested that the internal charges to which Taylor refers in the Amended Application be withdrawn, and the IUPAT withdrew them.  *See* Opposition to Taylor's Ex Parte Application for Leave to File Suit [Dkt. No. 15] Ex. C (email from McBride to union seeking to have charges withdrawn); *see id.* Ex. D (letter from union to Taylor confirming charges are withdrawn).  This justification for the Amended Application is meritless.

Taylor includes more conclusory factual allegations in the Amended Application, but none is sufficient to show good cause pursuant to § 501(b).  He claims that Clayton McBride, Luis Robles, Steve Bigelow, and James A. Williams, Jr., have all "violated their fiduciary duty to the membership, violated the IUPAT constitution, co-opted the administration of the union . . . to satisfy their personal desires and vendettas . . . and [] personally benefit[] at the expense of the

membership." Amended Application, 2:26-3:4.  These allegations mirror those that I already found meritless in the Summary Judgment Order.  He also does not name the provisions of the IUPAT constitution that the defendants have supposedly violated.  Taylor's personal frustration with the individual members of his union is not a matter for this court to resolve.

Finally, Taylor adds allegations that he made information requests "to the IUPAT" to which the IUPAT's general counsel was deficient in responding.  He claims that the LMRDA "requires the IUPAT to provide the documents/records [he] has requested and this requirement is enforceable by civil suit."  Amended Application 3:10-13.  But again, Taylor does not identify the provision of the IUPAT constitution that he believes the defendants have violated.  Nor is it clear how this alleged deficiency by the IUPAT general counsel would give rise to a cause of action against any of the defendants that Taylor has named.

My duty under 29 U.S.C. § 501(b) in reviewing the Amended Application is to determine whether there is good cause for Taylor to commence litigation over this apparently terminated internal proceeding or the other disputes that he describes.  There is not.  Mr. Taylor's prior claims have been fully aired and decided.  *See* Summary Judgment Order.  The facts he has added to his Amended Application do not provide foundation for a new lawsuit.  The Amended Application is DENIED with prejudice.  This matter will be DISMISSED.

**IT IS SO ORDERED.**

Dated: January 23, 2024



William H. Orrick
United States District Judge

3